The following is the opinion at Special Term:
Ingraham, J.
This action is brought for the specific performance of a contract for the sale of a block of land in the city of New York. The contract was dated October 20th, 1886, and was to be performed on the 20th of November, 1886. Prior to that time one Baumann had commenced an action .against the defendant for the specific performance of a contract made by the defendant to sell to him the same premises and had filed a notice of the pendency of that action. The plaintiffs therefore refused to accept title on the ground of the existence of that action, and the time for the defendant to perform her agreement with the plaintiffs was extended from time to time until the 26th of March, 1887, and prior to this time the action of Baumann against Pinckney had been tried and judgment entered in favor of the defendant.
An appeal from that judgment had been taken by Baumann and an order has been obtained staying all proceedings for the cancelling or discharging the Us pendens of record pending the appeal, and the right of the defendant to sell or dispose of the real estate mentioned in the complaint in that action was suspended.
On the 26th of March, 1887, the parties to this action made a new agreement whereby the defendant agreed to convey to the plaintiffs an adjoining block of land, which agreement was subsequently carried out. As part of that contract it was agreed to extend from time to time the closing of the title under the contract of the 20th of October, 1886, until the final termination of the controversy between the defendant and Baumann and “ in the event the said litigation should be determined in favor of the said *1086 •Mary Gr. Pinckney so that she can convey the said block- of land free and clear from said claim and the lien of said lis pendens then the parties would close said title as provided in said contract of October 20, 1886, except that the said parties of the second part were to take said property subject to all taxes and assessments levied or imposed on said property thereafter.
The judgment in the Baumann action was on the 8th of June, 1887, affirmed by the general term and from the judgment of affirmance the said Baumann appealed to the court of appeals and such appeal is still pending in said court undetermined. That .subsequent thereto an order was granted upon application of Baumann, that upon filing a bond in the sum of $40,000, all proceedings on the part of the defendant to sell or dispose of the said property were stayed until the determination of the appeal by the court of appeals and the entry of the order and judgment thereon,, and provided that thé right of the defendant under § 1323 of the Code to sell or dispose of the real estate mentioned in the complaint be suspended.
The time for the completion of the contract of October 20, 1886, was, from time to time, extended until the 28th of December, 1887, when the plaintiffs offered to deliver to the defendant a •consent signed by Baumann and his attorney, that the Us pendens filed in the action of Baumann against Pinckney be cancelled and. discharged of record; and also an agreement made between Baumann and the plaintiffs in this action, reciting the action brought byBaumann against the defendant, and the judgment therein and the appeal to the court of appeals, and that it was Baumann’s intention in case the judgment should be reversed to limit his remedy tó a claim for damages against the defendant, and not to make or assert any claim against the above described property, but to relieve the said property from such claim, and to assent to .a conveyance of the said property by the said Mary Gr. Pinckney to the plaintiffs, and providing that in consideration of $5,000 to him paid by the plaintiffs, that said Bauman did acquiesce in the -delivery of a deed of the premises to the plaintiffs, with the understanding and acquiescence that if the said judgment should be reversed h'is remedy would be limited to a claim for damages against the said Mary G-. Pinckney, and containing a covenant that the said Baumann would forever warrant and defend the title of the plaintiffs against any claim or demand to the said land by any .person claiming through him.
The main question in this case is, whether the litigation between Baumann and the defendant has been determined in her favor, so that she can convey the said block of land free and clear from Baumann’s claim'and from the lien of the lis pendens. Until that event happened, the defendant was under no obligation to carry out the contract of October 20, 1886.
It is clear that the letter of the agreement has not been complied with; the litigation is not determined; the Us pendens is not can-celled. No agreement has been made as between the defendant and Baumann withdrawing his claim upon the property.
The agreement between Baumann and the plaintiffs was not *1087 made for the benefit of the defendant, nor on her behalf. The defendant was not bound by her contract with the plaintiffs to carry into effect an agreement made between plaintiffs and Baumann, to which she was not a party, and made without her consent. Her agreement was that upon the official determination of the litigation between herself and Baumann in her favor, so that, she could convey the property free and clear from Baumann’s claim, she would then convey, and before plaintiffs are entitled to a conveyance they must establish that such litigation is terminated in her favor.
Samuel TJntermeyer, for app’lts; John G. Shaw, for resp’t.
The defendant is undoubtedly bound in good faith to prosecute-that litigation in the regular and orderly course, but that obligation does not require her to adopt a course. which, while the defendant might be successful, might expose her to risks. In the Baumann suit she has two bonds to indemnify her for any damage which she may sustain by reason of her being unable to convey the property. The sureties on those bonds have not consented to this arrangement, and she is under no obligation to adopt a course that might have the effect of discharging those sureties. If the-plaintiffs desired a conveyance of the property before the litigation was finally determined by the decision of the court of appeals, they were bound to procure in some way a determination of the appeal, so that the defendant could be protected; that, they have-failed to do.
Hor do I think that the defendant could convey the property until the order of the court of common pleas is vacated. That order expressly provides that all proceedings on the part of the defendant to sell or dispose of the property are hereby stayed until the determination of the said appeal by the court of appeals and the entry of the order and judgment thereon. Ho order or judgment of the court of appeals on the appeal has been entered.
On a consideration of the whole agreement between the parties I do not think the plaintiffs have shown themselves entitled to a conveyance of the property. The evidence would not justify a judgment that the contract is at an end. The agreement itself provided that the time for the completion of the contract of October 20, 1886, should be extended from time to time until the determination of the controversey between the defendant and Baumann, and a mere refusal to consent to such an extension was not of itself such a breach of the contract as would relieve the defendant from its obligation.
On the whole case I think the defendant is entitled to judgment dismissing the complaint with costs.
Bartlett, J.
The reasons given by Ingraham, J., at special term, for refusing to enforce a specific performance of the defendant’s contract until the final determination of the litigation between the defendant and Oscar Baumann are so fully stated and so satisfactory, that it is necessary to add very little, if anything, to what was said by the court below in disposing of this action. We may suggest, however, that to allow the plaintiffs to prevail while the *1088 litigation with Baumann is still pending, would be not to enforce the contract which was actually entered into between the parties to this suit, but to make a new contract for them. According to the express terms of their agreement, the time for closing the title is to be adjourned until the final determination of the controversy between the defendant and Baumann, and that the controversy thus referred to means the suit of Baumann against this defendant is apparent from the further provision in the contract that she was only to convey to the plaintiffs in the event that “the said litigation ” should be determined in her favor. The said litigation being undetermined, and there being no suggestion that the defendant has done anything to prevent a timely decision thereof, there is no basis for the claim that she has violated either the letter or the spirit of her contract. The fact that the plaintiffs think that the arrangement they have made with Baumann leaves the ■defendant in just as good a position as she would occupy if the litigation had been determined, is not conclusive in any manner upon her. I cannot see why under any rule of law or equity she should be compelled to convey the property, which is the subject-matter of this suit, until the contingency occurs upon which she undertook to convey it The judgment should be affirmed.
Yan Brunt, P. J., and Barrett, J., concur.